**CV12 - 1012**

FILED
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 29 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------

INDIA BRANHAM,

Civil Action No.:

Plaintiff,

-against-

**COMPLAINT**

**ROSS, J.**

ISI ALARMS, INC.,
& JAYSON WALLER

**DEMAND FOR JURY TRIAL**

Defendants.
--------------------------------------------------------------

Plaintiff INDIA BRANHAM ("Plaintiff"), by and through her attorneys, LAW OFFICES

OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendants ISI ALARMS,

INC. & JAYSON WALLER ("Defendants" and/or "ISI" and/or "WALLER"), respectfully a set

forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action on her own behalf for damages and declaratory and

injunctive relief arising from the Defendants violation(s) of the Telephone Consumer Protection

Act, 47 U.S.C. §227, et seq. ("TCPA"), New York General Business Law §349 and Defendants

Intentional Infliction of Emotional Distress.

## PARTIES

2.      Plaintiff is a natural person and resident of the State of New York, residing at 978

Decatur St., Brooklyn, NY 11207-1417.

3.      Upon information and belief, Defendant ISI is a North Carolina company

incorporated in the State of Arizona but conducting business in the State of New York.

Defendant ISI represents its place of business and office as being located at 919 Main Street, Mooresville, NC 28117.

4.   Upon information and belief, Defendant WALLER is a natural person and the Chief Executive Officer of Defendant ISI ALARMS. Defendant WALLER conducts and transacts business in Kings County, and provides good, services and/or debt collection services to those persons who reside in Kings County, NY.

## JURISDICTION AND VENUE

5.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 47 U.S.C. §227b(3) *et seq.* and 28 U.S.C. §2201. *See also,* Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

6.   The Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a).

7.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.   On the following dates in February 2012, Defendants made constant and continuous telephone calls to Plaintiff on her cellular telephone ("the Phone").

a.   February 8, 2012

b.   February 9, 2012

c.   February 10, 2012

        d.      February 11, 2012

        e.      February 13, 2012

10.     The Phone belongs to Plaintiff who pays the bill related to that phone.

11.     On February 8, 2012, when Defendants called Plaintiff, Plaintiff answered the call and advised Defendants that:

        a.      Defendants were contacting Plaintiff who has no relationship with Defendants and did not know who they were;

        b.      Defendants were contacting Plaintiff on her cellular telephone;

        c.      Defendants could not reach a person by the name of "Renee" at the telephone number dialed and that Plaintiff does not know any person by that name;

        d.      Defendants must stop placing telephone calls to Plaintiff immediately;

        e.      Defendants were placing additional telephone calls to her cellular telephone at the same time that Defendants were already on a telephone call with Plaintiff.

12.     Plaintiff instructed Defendant during that conversation and during numerous other similar conversations to stop calling her cellular telephone immediately and to remove the telephone number from its records and to look elsewhere for its otherwise delinquent consumer.

13.     Plaintiff never had any relationship with the Defendant.

14.     Plaintiff warned Defendants that their telephone calls were constant and continuous and that if the telephone calls did not stop that Plaintiff would have to pursue legal action.

15.     Despite Plaintiff's demands and warnings, Defendants proceeded to continue to place constant and continuous telephone calls to Plaintiff's cellular telephone for the duration of February 8, 2012 through February 13, 2012.

16.     During Defendants telephone calls, Defendants ignored Plaintiff's demand that the telephone calls stop immediately. Alternatively, Defendants acted as if Plaintiff had never made such demands.

17.     During Defendants telephone calls, Defendants misrepresented themselves and lied to Plaintiff claiming that Defendants "knew they were speaking with Renee" and that Defendants "spoke with Renee this morning" as justification for constant and continuous unwanted telephone calls.

18.     As such, rather than adhere to Plaintiff's demand to stop placing telephone calls to her cellular telephone, Defendant's continued through lies and misrepresentations.

19.     Plaintiff suffered and continues to suffer from damages as a result of Defendants actions.

20.     Plaintiffs suffered and continue to suffer actual damages as a result of Defendants actions.

21.     Defendants actions, as described above, are willful or knowing actions.

### FIRST CAUSE OF ACTION
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.

22.     Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23.     At all relevant times Defendants were using an "automatic telephone dialing system" in connection with its offending contacts with the Plaintiff as that term is defined at 47 U.S.C. § 227(a)(1).

24.     At no time have the Defendants ever had an "established business relationship"

with the Plaintiff as that term is defined at 47 U.S.C. § 227(a)(2).

25.     In violation of the proscription against contacting persons on cellular telephones, the Defendants made at least seventy five (75) contacts in contravention of 47 U.S.C. § 227(b)(1)(iii).

26.     There can be no dispute that Defendants telephone calls to Plaintiff made after February 8, 2012 and after being put on notice of the offending conduct numerous times were made willfully and knowingly.

27.     Plaintiff has suffered damages as a result of these violations of the Telephone Consumer Protection Act at 47 U.S.C. § 227(b)(3).

28.     Plaintiff requests that mandatory statutory damages of $500.00 for each violation of each telephone call placed, to be awarded to Plaintiff in accordance with the TCPA, for each of Defendant's violations of the TCPA at 47 U.S.C. § 227(b)(1)(A)(ii) and § 227(d)(3).

29.     Plaintiff requests trebled damages to be awarded to Plaintiff in accordance with the TCPA, for each of Defendant's willful or knowing violations of the TCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

30.     Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31.     Defendants debt collection efforts attempted and/or directed towards the Plaintiffs violated New York State General Business Law § 349.

32.     As a result of Defendants above violations of the New York General Business Law, the Plaintiffs have been damaged and are entitled to damages in accordance with the New York General Business Law.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.     Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34.     The acts, practices and conduct engaged in by Defendants vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

38.     All acts of the Defendants complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff INDIA BRANHAM demands judgment from the Defendants ISI ALARMS, INC. & JAYSON WALLER as follows:

A.     For statutory damages against the Defendants, jointly and severally, provided and pursuant to 47 U.S.C. § 227;

B.     For statutory damages trebled against the Defendants, jointly and severally, for willful and knowing violations provided and pursuant to 47 U.S.C. § 227;

C.     Actual damages, trebled, pursuant to New York General Business Law §349;

D.     For any and all costs and disbursements, attorneys' fees, filing fees, service of process fees, court costs and other costs against the Defendants, jointly and severally,

of the proceedings herein;

E.     Against the Defendants, jointly and severally, awarding the Plaintiffs punitive damages in such amount as is found appropriate;

F.     A declaration that the Defendant's practices violated the TCPA and New York General Business Law §349;

G.     For an award of pre-judgment interest on all sums awarded and/or collected; and

H.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff INDIA BRANHAM hereby respectfully request a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to at a jury trial.

Dated:          February 27, 2012

Respectfully submitted,

By: _____

Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:    (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff INDIA BRANHAM